* Curia, per

Earle, J.
The earnestness with which the motion has been urged upon this Court, has induced me to recoil-sider the grounds taken in argument, both here and in the Court below. And I confess myself still unsatisfied with the reasoning by which it is attempted to establish the claim of the relators, to be exempt from the operation of a law for the discipline of the militia, which makes no exception in their favor ; and to be released from the obligation of obedience to the orders of their superior officers, and of the Commander-in-Chief. Obedience is the first duty of a soldier ; without it, that subordination which is essential to the effective operations of an armed force, cannot be obtained or preserved. It would be very injurious to the organization and discipline of the militia, if the civil courts were habitually to interfere with the jurisdiction of and decisions of courts martial, in cases where they may lawfully take cognizance of the persons and subject matter. Such, in the opinion of the majority of the Court, was the case of the relators, and we have striven, in vain, to perceive the force of their claim to an absolute exemption. In the view which the Court has taken of the subject, it was not a case of conflicting duties. It was the duty of the rela-tors to obey the last orders of their superiors in command, by whose order they had, in the first instance, been detailed for a particular service. They were expressly recalled from that service, and another corps detailed in their stead. These orders were surely within the competent authority of the Brigadier-G-eneral and Commander-in-Chief. There was then no conflicting duty. If it had been a case of that kind, it would have furnished no ground for prohibition, as a case of exemption from the jurisdiction of a court martial. Both the supposed duties were under the orders of the same superior officer, and a default in the performance of either would have brought the relators before the same tribunal. What they claim as an exemption was merely matter of excuse, to be considered by the court martial. Can it be supposed that after the order dissolving the fire-guard, and requiring them to attend the encampment, they could have been brought to trial for omitting to attend a parade as a fire-guard, or that the last order would not have been a valid excuse ?
To dispose of the whole question, it is only necessary to inquire, had *144 the court martial jurisdiction of the persons and *the subject matter ? and it is obvious that it had. The relators are milithi officers of the fourth brigade, liable to be tried for any default of militia duty within it, and the charge was a failure to attend an encampment of the officers of that brigade, in obedience to the orders of the Commander-in-Chief. The persons and the subject matter were therefore properly and exclusively within the cognizance of the court martial Not only does the Act of 1829, which requires the guard to be detailed, expressly declare that they shall not be exempt from the performance of ordinary militia duty, but the Act of 1833,(a) providing for brigade encampments, makes no exception in their favor, and from the generality of its terms necessarily includes them. This Court, therefore, will not undertake to review the decision of a competent tribunal on a subject within its peculiar jurisdiction ; and there is no ground to interfere by prohibition. A majority of the Court concur in the reasoning and conclusions of the Circuit Court, and the motion to reverse its judgment is refused.
Note. — As the judgment of the Circuit seems to impute blame to the relators for not attending personally before the court martial to plead their exemption, or render it as an excuse, it is proper to add that, for this omission, they liad the sanction of the late Mr. Justice Bay, who had, on a former occasion, held the guard legally exempt from such duty, and had granted a prohibition. That was the reason for their not attending the court martial.
Richaudson, O’Neall, Evans, and Butler, JJ., concurred. Gantt, J., dissented.

 8 Stat., 572, § 26. An.